**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Cuahtemoc HERAS–LEYVA,**
**Defendant–Appellant.**

**No. 06–50160.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 14, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Carlos Arguello, Esq., Roger W. Haines, Jr., Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Norma A. Aguilar, Esq., San Diego, CA, for Defendant–Appellant.

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Cuahtemoc Heras–Leyva appeals the sentence imposed following his guilty plea to being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. He contends that the district court violated his constitutional rights in enhancing his sentence under § 1326(b) on the basis of a prior felony conviction not charged, admitted, or found by a jury beyond a reasonable doubt. He also contends that his waiver of his right to appeal his sentence does not bar this appeal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ In his plea agreement, Heras–Leyva waived "any right to appeal ... the ... sentence ... unless the Court imposes a custodial sentence greater than the high end of the guideline range or statutory mandatory minimum term recommended by the government." He did not waive the right to contend on appeal that the sentence exceeded the statutory maximum because the statutory maximum was only two years. *See United States v. Baramdyka,* 95 F.3d 840, 843 (9th Cir.1996). Accordingly, we will consider the merits of Heras–Leyva's argument.

■ Heras–Leyva contends that the district court erred in sentencing him to more than the two-year maximum set forth in 8 U.S.C. § 1326(a) because the doctrine of constitutional avoidance requires that *Almendarez–Torres v. United States,* 523

U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), be limited to the holding that a prior conviction that increases the maximum penalty need not be alleged in the indictment when the prior conviction, unlike here, is admitted as part of a guilty plea. Heras–Leyva also contends that intervening Supreme Court decisions have overruled this court's decisions interpreting *Almendarez–Torres* to allow sentence increases upon judicial findings of prior convictions. These contentions are foreclosed. *See United States v. Beng–Salazar*, 452 F.3d 1088, 1091 (9th Cir.2006). In addition, the record forecloses Heras–Leyva's contention that the district court violated his constitutional rights in finding that he was deported after his prior conviction.

**AFFIRMED.**

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.